IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:10-CV-00415-RLV-DCK

| | |
|---|---|
| ROBIN VINESETT,<br><br>        Plaintiff,<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.,<br><br>        Defendant. | **STIPULATED CONSENT<br>CONFIDENTIALITY AND<br>PROTECTIVE ORDER** |

WHEREAS, it appears that Plaintiff and Defendant (collectively, the "Parties") will seek certain documents and oral information from each other or from third-parties (such as medical providers) relating to Plaintiff's confidential medical information that may relate to his allegations of physical or emotional harm or Defendant's defenses against such allegations, Plaintiff's confidential financial information that may relate to Plaintiff's claim for damages or Defendant's defenses, or relating to Defendant's confidential financial, business operations, and/or personnel information that may relate to Plaintiff's claim for damages or Defendant's defenses;

WHEREAS, the Parties claim that some of the documents and oral information described above are entitled to treatment as confidential medical, business, financial, and/or personnel information; and

WHEREAS, it appears that the ends of justice will be served by the entry of an order setting forth procedures and restrictions governing the disclosure and use of such documents and oral information;

IT IS HEREBY ORDERED AS FOLLOWS:

I.  DOCUMENTS AND ORAL INFORMATION RELATING TO CONFIDENTIAL FINANCIAL, MEDICAL, BUSINESS AND/OR PERSONNEL INFORMATION:

A. The term "documents" is used in its broadest sense to mean every information-containing thing, including excerpts, copies, drafts, and duplications, and further including, without limitation, correspondence, papers, records, computer printouts, magnetic tapes, disks, or other computer-stored information, electronic mail, audio tapes, videotapes, transcripts of audio tapes or video tapes, film, photographs, checks, bank statements, orders, contracts, agreements, notes of telephone or other conversations, x-rays, and any other information-containing paper, writing, or thing.

The term "oral information" includes, without limitation, testimony at depositions, hearings, trial, or other proceedings, and transcriptions or records of such testimony.

B. Certain documents and oral information relating to Plaintiff's or Defendant's medical, financial and/or business activities and plans, or personnel information that the producing Party believes in good faith to contain confidential information shall be deemed "Confidential." Either Party may, at the time of production, whether produced in writing or orally, designate certain documents or oral information as "Confidential." In addition, any documents or oral information received directly by counsel for Defendant from a medical provider of Plaintiff shall be deemed Confidential under the terms of this Protective Order.

C. Other than as permitted by this Order, no person, entity, or representative or agent of such entity may review, examine, or make copies of such documents or be given access to such oral information without the written consent of the opposing Party, and no one properly in possession of such documents or oral information may reveal the contents, information, or other

data set forth in the same or exhibit or disseminate the same to anyone other than those permitted by this Order.

        D.        Subject to the circumstances and conditions hereinafter specified, the Court grants permission to examine, give access to, and make copies of documents and oral information deemed Confidential:

        (1)        to the Parties' counsel of record, but only for purposes associated with this lawsuit, including preparation for and use at deposition and/or trial;

        (2)        to court reporters engaged in this lawsuit;

        (3)        to the Court and Court personnel;

        (4)        to paralegals, legal assistants, or other employees or third-party contractors providing similar services of the law firm of counsel for Defendant or of the law firm of counsel for Plaintiff;

        (5)        to witnesses who are not Parties but who are preparing for a deposition, hearing, trial or other proceeding in this matter, or who are participating in a deposition, hearing, trial, or other proceeding in this matter, but only as such Confidential information is necessary for such witness's preparation or participation. For purposes of this Protective Order, "Party" includes any person employed by a Party but does not include affiliated, parent, or subsidiary entities. Any person who is not a Party who is to review documents designated "Confidential" shall, prior to reviewing the documents or oral information, execute the Agreement attached to this Order;

        (6)        to a Party, as defined herein, provided however, that where Confidential information is disclosed to any Party, counsel for Defendant or Plaintiff shall, prior to disclosure,

advise the Party of the terms of this Protective Order and of the obligation to maintain all Confidential information pursuant to the terms hereof; and

(7) to a mediator, arbitrator, or any other person selected by the Parties for the purposes of alternative dispute resolution.

E. As to any document or oral information, or portion thereof, designated Confidential, no use shall be made of the document or oral information or the contents of such documents or oral information other than by persons authorized pursuant to this Order.

F. Depositions or portions thereof upon oral or written questions may be classified Confidential either by an examining Party's attorney or by an attorney defending the deposition. A Party claiming confidentiality for a deposition or any portion thereof shall give notice of such claim of confidentiality to the other Party either prior to or during the deposition, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential.

G. The restrictions and obligations regarding documents or oral information designated as Confidential shall not apply to documents or oral information that already are public knowledge at the time of their production or that become public knowledge subsequent to their production, unless they become public knowledge because of a violation of this Order.

H. The Parties have agreed that the inadvertent production of Confidential documents or oral information without the appropriate designation will not be deemed a waiver in whole or in part of a Party's prior or subsequent claim of confidentiality. Upon notice that Confidential documents or oral information have been produced without the appropriate stamp or legend, the producing Party may designate the materials as Confidential and produce corrected copies that bear the required stamp or legend. In addition, the inadvertent or

unintentional production of any documents or oral information containing material subject to any legally cognizable privilege or evidentiary protection including, but not limited to, the attorney client privilege or attorney-work product protection, shall not constitute a waiver or forfeiture of such privilege or protection unless the Party producing such documents or oral information intended in fact to waive the privilege or protection.  Otherwise, upon notice from the producing Party that an inadvertent or unintentional production has occurred, all copies of such documents or transcriptions or records of such oral information will be promptly returned to the producing Party, no copies shall be retained by the Party to which they were produced, and the information from any such documents or oral information will not be utilized by that Party in the prosecution of this case or for any other purpose, unless allowed by subsequent determination of the Court.

I. If a Party receiving Confidential documents or oral information contends that any material is not entitled to confidential treatment, such Party may at any time give written notice to the Party or non-Party who designated the material as Confidential.  The designating Party or non-Party shall have twenty (20) days from receipt of the written notice to withdraw the designation or explain in writing the basis for the designation.  In the event that the Party or non-Party does not withdraw the designation within this time period, the Party objecting to confidential treatment may apply to the Court for relief.  On any such motion, the burden of proof will be subject to applicable law.

II. FILING OF CONFIDENTIAL INFORMATION UNDER SEAL:

Each time a Party seeks to file under seal confidential documents, things, and/or information (as that material is defined in this Order), said Party shall accompany the request with a motion to seal and a supporting memorandum of law specifying (a) the exact documents, things, and/or information, or portions thereof, for which filing under seal is requested; (b) where

it is necessary for the court to determine the source of the public's right to access before a request to seal may be evaluated, whether any such request to seal seeks to overcome the common law or the First Amendment presumption to access; (c) the specific qualities of the material at issue which justify sealing such material, taking into account the balance of competing interests in access; (d) the reasons why alternatives to sealing are inadequate; and, (e) whether there is consent to the motion. Finally, in addition to the motion and supporting memorandum, said Party must set out such findings in a proposed order to seal for the court

When a Party seeks to file confidential documents, things, and/or information, including confidential portions of any transcript, a Party shall submit such materials to the court in a sealed envelope or other appropriately sealed container, on which covering shall be endorsed (written) with the title of this action and a statement substantially in the following form: 'Filed Under Seal Pursuant to Protective Order."

III. CONCLUSION OF LITIGATION:

This Order shall survive any settlement, judgment, or other disposition or the conclusion of this action and all appeals therefrom, and this Court shall retain continuing jurisdiction in order to enforce the terms of this Order. After the final termination of this action, whether by final judgment or settlement, including the expiration of any time for appeal, all Confidential documents and oral information produced in this litigation which is in the possession, custody, or control of any non-producing Party or its attorneys shall either be destroyed, with a letter confirming destruction served on the producing Party, or shall be returned to the producing Party. However, subject to the terms of this Order, the Parties and their counsel may retain copies of briefs and other papers that contain or constitute such Confidential document and oral

information, including correspondence, deposition transcripts, and the attorney's work product. Any such briefs and other papers shall continue to be treated pursuant to the terms of this Order.

IV.     EXCEPTIONS TO PROTECTIVE ORDER:

There are no exceptions, except as may be provided by Order of the Court following reasonable notice to all the Parties, pursuant to the procedure as outlined above. This Order shall be without prejudice to the right of any Party to bring to the Court at any time the question of whether any particular document or oral information is Confidential or whether its use should be restricted.

V.      MODIFICATION OF ORDER:

In the event a Party hereto deems it necessary that this Protective Order be modified, upon a showing of good cause the Court shall have the power to:

(a)     Foreclose access to any Confidential document or oral information in whole or in part, to any person;

(b)     Order that material or information classified as Confidential shall be freed from any or all of the provisions hereof;

(c)     Modify this Order so that any Confidential document or oral information may be disclosed to additional specified persons; and

(d)     Make any other modification hereof that justice may require.

This protective order and the obligation to maintain confidentiality shall survive the termination of this action and shall continue in full force and effect.

VI.     PARTIES AGREEMENT TO BE BOUND:

The Parties hereby agree to be bound by the terms of this Consent Confidentiality and Protective Order as a matter of contract regardless of whether or when the Court signs the Consent Confidentiality and Protective Order.

Signed: February 27, 2012

_____
David C. Keesler
United States Magistrate Judge

Tendered by:

/s/ Susan B. Molony
Susan B. Molony
NC State Bar No. 29095
E-Mail: susan.molony@alston.com
ALSTON & BIRD LLP
101 South Tryon Street, Suite 4000
Charlotte, NC 28280-4000
Telephone: (704) 444-1000
Facsimile: (704) 444-1111

Charles A. Gartland II
Leslie E. Wood
ALSTON & BIRD LLP
1201 W. Peachtree Street
Atlanta, Georgia 30309
Tel: 404-881-7000
Fax: 404-881-7777

ATTORNEYS FOR DEFENDANT

/s/ Kirk J. Angel
[*signed by Susan B. Molony with express permission of attorney Kirk J. Angel*]
Kirk J. Angel, Esq.
NC State Bar No. 33559
E-Mail: kirk@theangellawfirm.com
THE ANGEL LAW FIRM, PLLC
P.O. Box 692
Harrisburg, NC 28075
Telephone: (704) 455-3311
Fax: (704) 973-7859

ATTORNEY FOR PLAINTIFF

**AGREEMENT**

_____, being duly sworn, states as follows: that s/he resides at _____ in the City of _____ and State of _____; that s/he has read the Consent Confidentiality and Protective Order concerning Confidential documents and oral information entered on _____ (the "Protective Order"); that s/he is (state relationship to litigation) _____ regarding the litigation between *Robin Vinesett v. United Parcel Service, Inc.*, the same being Civil Action No. 3:10-CV-00415-RLV-DCK in the United States District Court for the Western District of North Carolina, Charlotte Division; that s/he is fully familiar with and agrees to comply with and be bound by the provisions of the Protective Order; and that s/he will not divulge to persons other than those specifically authorized by the Protective Order and will not copy or use, except solely for the purposes of this litigation, any information constituting Confidential documents and oral information under the Protective Order, except as provided therein.

_____
Signature

_____
Printed Name

Sworn to and subscribed before me
this ___ day of _____, 20___.

_____
Notary Public
My Commission Expires: _____